# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Case No. 14-cv-0893-WJM

CARA TEDESCHI, an Individual, surviving natural mother of JASON GRIMMER

      Plaintiffs,

v.

TREY BUSTAMANTE-HARRISON,
KEENAN MORRIS,
EUGENE MORRIS,
UNKNOWN ASSAILANTS,
UNKNOWN DRIVER, and
UNKNOWN OFFICERS OF THE LONGMONT POLICE DEPARTMENT, individually and in their official capacities,

      Defendants.

---

## ORDER *SUA SPONTE* DECLINING SUPPLEMENTAL JURISDICTION AND REMANDING ACTION TO BOULDER DISTRICT COURT

---

Plaintiff Cara Tedeschi brings this action as the natural mother and guardian of decedent Jason Grimmer based on events that occurred on December 31, 2012 and resulted in Mr. Grimmer's death.  (Compl. (ECF No. 5) ¶ 2.)  Plaintiff brings state law claims for wrongful death, negligence, civil assault, civil conspiracy, and felonious killing against Defendants Trey Bustamante-Harrison, Eugene Morris, Keenan Morris, Unknown Assailants, and Unknown Driver (collectively, the "Civilian Defendants").  (*Id.* ¶¶ 1.1-4.10.)  Plaintiff also brings claims under 42 U.S.C. § 1983 against Unknown Officers of the Longmont Police Department (the "Officer Defendants").  (*Id.* ¶¶ 6.1-7.25.)

Plaintiff's Complaint was filed in Boulder County District Court on December 31, 2013.  (ECF No. 2-4.)  On March 28, 2014, the Officer Defendants removed the case to this Court pursuant to 28 U.S.C. § 1331 based on the federal claims asserted against them.  (ECF No. 2.)  On May 9, 2014, before any judicial proceedings had occurred in this case, Plaintiff filed an unopposed Motion to Dismiss all claims brought against the Officer Defendants.  (ECF No. 20.)  On May 19, 2014, the Court granted the Motion to Dismiss.  (ECF No. 22.)  Thus, the only claims remaining in this case are the state law claims brought against the Civilian Defendants.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

This case was removed to federal court because the claims against the Officer Defendants alleged a violation of federal law.  (ECF No. 2.)  Because the Court had original jurisdiction over these federal law claims, at the time of removal, it also had supplemental jurisdiction over the state law claims brought against the Civilian Defendants.  *See* 28 U.S.C. § 1367.  As the Court has now dismissed all claims brought against the Officer Defendants, the only jurisdiction at issue in this case is the supplemental jurisdiction.

Federal supplemental subject matter jurisdiction over state law claims "is extended at the discretion of the court and is not a plaintiff's right."  *TV Commc'ns*

2

*Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

As this case is in its infancy and no Court proceedings have been held, issues of judicial economy are not implicated here.  *See id.* at 350.  Fairness is also not at issue, as most of the Civilian Defendants have yet to be served or otherwise appear in this case.  Issues of comity and federalism are at the forefront, because the Court would have to decide matters of state law if it continued to exercise jurisdiction over Plaintiff's remaining claims.  *See McWilliams v. Jefferson County*, 463 F.3d 1113, 1117 (10th Cir. 2006).  "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."  *Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).  The remaining causes of action either arise out of Colorado statutes or are grounded in Colorado common law; no federal laws are implicated by any of the claims against the Civilian Defendants.

If federal claims are dismissed before trial, leaving only issues of state law, the federal district court should ordinarily decline to exercise supplemental jurisdiction. *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citing *Carnegie-Mellon Univ.*, 484 U.S. at 350).  Having considered the relevant factors, the Court sees no reason to vary from the ordinary course in this case.

Accordingly, the Court DECLINES to exercise its supplemental jurisdiction over the remaining state law claims.  The above-captioned action is REMANDED to the Boulder County District Court.  The Clerk shall transmit the file.

Dated this 27th day of May, 2014.

BY THE COURT:

William J. Martinez
United States District Judge

4